UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ADDISON OUTDOORS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-821** |
| **WRIGHT NATIONAL FLOOD INSURANCE SERVICE, LLC, ET AL.** | **SECTION: D (4)** |

### ORDER AND REASONS

Before the Court is a Motion to Remand filed by the Plaintiff, Addison Outdoors, LLC.[1]  The remaining Defendant in this matter, Prime Insurance Company, did not file a response in opposition to the Motion.[2]  After consideration of the Plaintiff's memorandum, the record, and the applicable law, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this matter to the 21st Judicial District Court of Tangipahoa Parish, State of Louisiana.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Addison Outdoors, LLC ("Plaintiff") originally brought suit in the 21st Judicial District Court of Tangipahoa Parish, State of Louisiana on February 3, 2023, bringing claims under Louisiana state law against Defendants Wright National Flood Insurance Company ("Wright National") and Prime Insurance Company.[3]  Wright National timely removed this case to this Court on March 6, 2023 pursuant to 28 U.S.C. § 1441(a), arguing that this Court has exclusive original jurisdiction of

---

[1] R. Doc. 19.
[2] The Motion was set for submission on May 2, 2023.  Accordingly, any response in opposition to the Motion was due on April 24, 2023.  The Defendant has not filed any response as of the date of this Order.
[3] *See* R. Doc. 1-2.

Plaintiff's flood insurance claims under the National Flood Insurance Program, pursuant to 42 U.S.C. § 4072.[4] Wright National also alleged that this Court has original jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. § 1331.[5] Prime Insurance Company consented to the removal of this action.[6]

On March 27, 2023, the Court granted Plaintiff's Motion to Dismiss their claims against Wright National with prejudice.[7] Accordingly, the only claims remaining in this case are Plaintiff's state law claims against Prime Insurance Company. Plaintiff filed the instant Motion to Remand on April 4, 2023, arguing that the Court should remand this matter because the Court lacks subject matter jurisdiction over Plaintiff's claims against Prime Insurance Company.[8] According to Plaintiff, their claims against Prime Insurance Company do not satisfy the requirements for either federal question jurisdiction, because the only claims asserted are Louisiana state law claims, or diversity jurisdiction, because the amount in controversy does not exceed $75,000.[9] Accordingly, the Plaintiff asks the Court to remand this action given the Court's lack of subject matter jurisdiction.[10] Prime Insurance Company did not file a response to Plaintiff's Motion.

## II.   LEGAL STANDARD

---

[4] *See* R. Doc. 1 at ¶ 17.
[5] *See id.* at ¶ 19.
[6] See R. Doc. 10.
[7] See R. Doc. 18.
[8] *See* R. Doc. 19.
[9] *See* R. Doc. 19-1 at p. 2.
[10] *See id.*

Federal courts are courts of limited jurisdiction.[11] A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[12] The removing party has the burden of proving federal diversity jurisdiction.[13] The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[14] Remand is proper if at any time the court lacks subject matter jurisdiction.[15] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[16] Remand is also proper where a court declines to exercise supplemental jurisdiction over a state law claim.[17]

## III.   ANALYSIS

Although the Court agrees with Plaintiff that this matter should be remanded to state court, the Court disagrees with Plaintiff as to why remand is proper in this matter. Plaintiff asserts that remand is required because this Court lacks subject matter jurisdiction over their claims against Prime Insurance Company.[18] Plaintiff is incorrect and misunderstands the nature of the Court's jurisdiction regarding the claims asserted against Prime Insurance Company. While Plaintiff is correct that

---

[11] *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 821 (5th Cir. 2022).
[12] 28 U.S.C. § 1441(a).
[13] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[14] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).
[15] *See* 28 U.S.C. § 1447(c).
[16] 28 U.S.C. § 1332(a)–(a)(1).
[17] *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 636 (2009); *see also* 13D Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3567.3 (3d ed.) ("[I]n a case removed from state to federal court, the federal judge who declines supplemental jurisdiction under § 1367(c) should remand the supplemental claims to state court . . . .").
[18] *See* R. Doc. 19 at p. 1 ("Therefore, subject matter jurisdiction does not exist."); R. Doc. 19-1 at p. 2.

the Court does not have *original* jurisdiction over Plaintiff's state law claims against Prime Insurance Company, Plaintiff ignores that this Court has *supplemental* jurisdiction over those same claims. The supplemental jurisdiction statute, 28 U.S.C. § 1367, provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.[19]

This Court initially had original jurisdiction over Plaintiff's claims asserted against Wright National because claims against so-called Write-Your-Own Program carriers under the National Flood Insurance Program such as Wright National fall within the original and exclusive jurisdiction of the federal courts.[20] As for Plaintiff's claims against Prime Insurance Company, this Court had supplemental jurisdiction of them pursuant to 28 U.S.C. § 1367(a) because they formed part of the "same case or controversy" as the claims asserted against Wright National of which the Court had original jurisdiction.[21] That is, supplemental jurisdiction of Plaintiff's claims against Prime Insurance Company attached to the original jurisdiction of Plaintiff's claims against Wright National. That this Court dismissed all of Plaintiff's claims against Wright National, and, hence, all of the claims within the original jurisdiction

---

[19] 28 U.S.C. § 1367(a).
[20] *See Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015).
[21] 28 U.S.C. § 1367(a).

of the Court, does not divest this Court of supplemental jurisdiction of Plaintiff's claims against Prime Insurance Company.[22] Those claims are still properly within the Court's jurisdiction. However, a court may properly choose to decline to exercise supplemental jurisdiction in certain cases. The "general rule"[23] in this Circuit is to decline to exercise supplemental jurisdiction over state law claims when "the district court has dismissed all claims over which it has original jurisdiction."[24] "[T]his rule is neither mandatory nor absolute"[25] and is within the discretion of the district court to determine after considering the factors enumerated in 28 U.S.C. § 1367(c) as well as the common law factors of "judicial economy, convenience, fairness, and comity."[26] The relevant statutory factors found in section 1367(c) include "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction."[27] "These interests are to be considered on a case-by-case basis, and no single factor is dispositive."[28]

---

[22] *See id.* § 1367(c) ("The district courts *may* decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" (emphasis added)); *Osborn v. Haley*, 549 U.S. 225, 245 (2007) ("Even if only state-law claims remained after resolution of the federal question, the District Court would have discretion, consistent with Article III, to retain jurisdiction"); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims.").
[23] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 446 (5th Cir. 2002) (quoting *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999)).
[24] 28 U.S.C. § 1367(c)(3).
[25] *Amedisys, Inc.*, 298 F.3d at 447 (quoting *Batiste*, 179 F.3d at 227).
[26] *Id.* at 446 (quoting *Batiste*, 179 F.3d at 227).
[27] *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011) (citing 28 U.S.C. § 1367(c)).
[28] *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (citing *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 588–89 (5th Cir. 1992)).

As to the first factor, Plaintiff's state law claims do not raise any novel or complex issues of state law. Indeed, the Court has dozens of similar claims in cases across the docket. Accordingly, the first factor points toward exercising jurisdiction over Plaintiff's claims. For the second and third factors, the Court notes that the Court has dismissed all claims within the Court's original jurisdiction. Accordingly, the second and third factors of § 1367(c) weigh in favor of declining to exercise jurisdiction and remanding Plaintiff's claims to state court. Lastly, there are no exceptional circumstances here for declining jurisdiction. The fourth factor, thus, weighs in favor of retaining jurisdiction. On balance, the § 1367 factors are in equipoise.

The Court next considers the common law factors of judicial economy, convenience, fairness, and comity. On balance, these factors favor remanding Plaintiff's state law claims. The judicial economy factor points towards declining to exercise jurisdiction. This case is in its infancy. The action has been pending in this Court for only slightly more than two months and no substantive work has been done thus far. Very few resources have been devoted to this case or to the resolution of the dismissed claims within the Court's original jurisdiction. There is no need for either party to "duplicate any research, discovery, briefing, hearings, or other trial preparation work, because very little ha[s] been done at th[is] point."[29] As such, the Court finds that this factor weighs in favor of declining to exercise jurisdiction. Similarly, the Court finds that the convenience factor weighs in favor of remand here.

---

[29] *Enochs*, 641 F.3d at 159 (citing *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *Mendoza*, 532 F.3d at 347).

This case involves parties and events located in Tangipahoa Parish. Remanding this matter to the 21st Judicial District Court in Tangipahoa Parish will not inconvenience any party and, indeed, will likely be more convenient to the parties. Remand will not increase financial inconvenience either because the parties will not have to duplicate any of their previous efforts or expenses.[30] As for fairness, the parties have not indicated any reason why it would be unfair for this Court to decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. There is nothing unfair about having a Louisiana state court hear Louisiana state law claims.[31] Finally, comity "demands that the 'important interests of federalism and comity' be respected by federal courts, which are courts of limited jurisdiction and 'not as well equipped for determinations of state law as are state courts.'"[32] Given that only Plaintiff's state claims remain in this suit, the adjudication of which involve questions of Louisiana law, the Court finds that comity is best served by refusing to exercise jurisdiction over Plaintiff's state law claims. In sum, the Court finds that the common law factors support the Court in declining to exercise supplemental jurisdiction over Plaintiff's remaining claims against Prime Insurance Company. The "'general rule' is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial."[33] Accordingly, the Court finds that consideration of the § 1367(c) factors and the

---

[30] *Id.* at 160 (citing *Mendoza*, 532 F.3d at 347).
[31] *See id.* ("[I]t was certainly fair to have had the purely Texas state law claims heard in Texas state court.").
[32] *Id.* (quoting *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 588–89 (5th Cir. 1992)).
[33] *Amedisys, Inc.*, 298 F.3d at 446–47 (quoting *Batiste*, 179 F.3d at 227).

common law factors weighs in favor of declining to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. The Court remands those claims back to Louisiana state court.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Plaintiff's Motion to Remand[34] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Prime Insurance Company are remanded to the 21st Judicial District Court for Tangipahoa Parish, State of Louisiana for further proceedings.

New Orleans, Louisiana, May 18, 2023.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[34] R. Doc. 19.